IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0643-WJM-NYW

CORE PROGRESSION FRANCHISE LLC, a Colorado limited liability company,

    Plaintiff,

v.

CHRIS O'HARE, and
CAO ENTERPRISES, INC., a North Carolina corporation,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND TAKING UNDER ADVISEMENT PLAINTIFF'S CONSTRUED MOTION FOR PRELIMINARY INJUNCTION

Before the Court is Plaintiff Core Progression Franchise LLC's Motion and Memorandum of Points and Authorities ISO Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Motion") (ECF No. 9), which the Court construes as a Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction.

The purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974). It is sometimes issued when the opposing party has actual notice of the motion. *See* 11A Charles Alan Wright et al., Federal Practice & Procedure § 2951 (3d ed., Apr. 2016 update) (TRO "may be issued with or without notice to the adverse party"). However, given the need for a harm so

urgent and irreparable that a decision must be made before a hearing can be held, the primary purpose of the TRO is to grant short-term *ex parte* relief.  See Fed. R. Civ. P. 65(b) (describing prerequisites of *ex parte* TRO).

To the Motion, Plaintiff attaches the Declaration of Filemon Carrillo in Support of Core Progression LLC's Motion for a Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction ("Carrillo Declaration").  (ECF No. 9-5.)  Mr. Carrillo, counsel for Plaintiff, states that he and his co-counsel called Defendants' lawyer, Jeffrey Cohen, Esq. of Cohen LLP, to tell him that Core Progression had filed the instant lawsuit and that Core Progression would file the Motion.  (*Id.* at 2.)  Mr. Carrillo states that he understood that Cohen LLP represents Defendants because the parties are currently engaged in initiating arbitration proceedings, and Cohen LLP represents them in connection with the arbitration.  (*Id.*)  When Mr. Carrillo asked whether Defendants would oppose the Motion, Christopher Yost, a lawyer at Cohen LLP, said "that he was certain Defendants would oppose the motion on the grounds that Defendants were seeking to invalidate the franchise agreement, and told [Plaintiff's counsel] to just go ahead and file the papers with the Court and that Defendants would address the motion."  (*Id.* at 3.)

Here, although counsel for Defendants has not entered an appearance, the Carrillo Declaration indicates that Defendants' counsel, and therefore, Defendants, are already aware of the dispute and Plaintiff's intent to seek the injunctive relief requested in the Motion.  Therefore, this is not the appropriate Rule 65(b) case requiring immediate *ex parte* relief.  On this basis, the Court will deny the portion of the construed Motion requesting a TRO and direct an expedited briefing schedule on the portion of the

construed Motion requesting a preliminary injunction.  *See Engility Corp. v. Daniels*, 2016 WL 8358509, at *2 (D. Colo. Oct. 25, 2016).

For the reasons set forth above, the Court ORDERS:

1. Plaintiff's construed Motion (ECF No. 9) is DENIED to the extent it seeks a TRO;

2. That portion of Plaintiff's Motion which the Court has construed as a motion for a preliminary injunction remains under advisement;

3. Plaintiff shall send or deliver a copy of the Complaint (ECF No. 1), the Motion (ECF No. 9), and this Order, to counsel for Defendants by any means (including multiple means, if appropriate) reasonably calculated to reach counsel for Defendants by **March 12, 2021 at 5:00 p.m**. **Mountain Time.**  Plaintiff shall file a Certificate of Service confirming its compliance with this directive by no later than this same date and time;

4. Defendants shall respond to the construed motion for a preliminary injunction by no later than **March 17, 2021 at 12:00 p.m. Mountain Time.**  If Defendants have not been provided actual notice of Plaintiff's filings and a copy of this Order by **March 12, 2021**, Defendants may seek an extension of this filing deadline;

5. Plaintiff shall file a reply in further support of its construed motion for a preliminary injunction by no later than **March 19, 2021**; and

6. Upon receipt of Plaintiff's reply brief, the Court will consider a date for a hearing on the construed motion for a preliminary injunction and the topics upon which the Court will hear testimony and argument.

Dated this 10th day of March, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

4