IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-0643-WJM-NYW

CORE PROGRESSION FRANCHISE LLC,
a Colorado limited liability company,

 Plaintiff,

v.

CHRIS O'HARE, and
CAO ENTERPRISES, INC.,
a North Carolina corporation,

 Defendants.

## ORDER DENYING DEFENDANTS' MOTION TO STAY INJUNCTION PENDING APPEAL

 Before the Court is Defendants Chris O'Hare and CAO Enterprises, Inc.'s (jointly, "Defendants") Motion to Stay Injunction Pending Appeal ("Motion"). (ECF No. 47.) For the following reasons, the Motion is denied.

 On March 26, 2021, the Court entered its Interim Order Granting Plaintiff [Core Progression Franchise LLC]'s Construed Motion for Preliminary Injunction ("Interim Order"). (ECF No. 34.) On April 1, 2021, the Court entered its Amended Order Granting Plaintiff's Construed Motion for Preliminary Injunction ("Amended Order"). (ECF No. 42.) The Amended Order preliminarily enjoins Defendants from operating any type of gym or fitness business at the location of their Core Progression branded business; using or disclosing any of Plaintiff's confidential or trade secret information; and infringing on or using Plaintiff's registered trademarks, pursuant to Defendants'

stipulation at the evidentiary hearing. (*Id.* at 23–25.)

On April 22, 2021, Defendants filed a notice of appeal of the Interim Order and Amended Order (ECF No. 46), along with the Motion (ECF No. 47) to stay those orders pending appeal.

In evaluating a motion to stay a preliminary injunction pending interlocutory appeal, the Court must consider:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 434 (2009). The first two of these factors are the most critical; the movant must show more than a possibility of success on appeal, and more than a possibility of irreparable injury in the absence of a stay. *Id.* at 434–35; *see also Denver Bible Church v. Azar*, 2020 WL 8184655, at *1 (D. Colo. Oct. 16, 2020) (denying stay of injunction pending appeal, noting defendants failed to make required showing for a stay, particularly on the "critical" merits factor). If a movant satisfies the first two factors, the Court must then assess the potential harm to the opposing party and the public interest. *Id.* at 435. "There is substantial overlap between these and the factors governing preliminary injunctions, not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.* at 434 (citation omitted).

In the Motion, Defendants argue that the Court: (1) applied the incorrect standard on irreparable harm, as recently set forth in *State of Colorado v. United States*

2

*Environmental Protection Agency*, 989 F.3d 874, 886 (10th Cir. 2021), and misapplied the standard it *did* cite when finding that Plaintiff's evidence was sufficient to support a finding of irreparable future harm; (2) unconstitutionally imposed a prior restraint on O'Hare's speech to the extent the preliminary injunction was issued to prevent O'Hare from making critical remarks about Plaintiff in the future; and (3) failed to sufficiently define Plaintiff's trade secrets in the injunction. (ECF No. 47 at 1–2.)

Upon due consideration of Defendants' arguments, the Court finds that Defendants have not made a strong showing that they are likely to succeed on the merits of their appeal. While the Court will not extensively discuss Defendants' arguments, it will address them briefly.

First, Defendants' contention that the Court's irreparable harm finding was based on the incorrect legal standard and solely on past harm, as opposed to "imminent, certain, actual, and not speculative" harm, *U.S. Envtl. Prot. Agency*, 989 F.3d at 886, is incorrect. The Court pointed to Plaintiff's loss of its trade secrets and confidential information, as well as the harm Plaintiff suffers every day that the Defendants violate the non-compete provision, as irreparable harm that was not restricted to the past, but would also continue to harm Plaintiff as long as Altru Fitness remained open. (ECF No. 42 at 19–21.) In addition, the Court observed that a preliminary injunction was necessary to preserve any remaining customer goodwill Plaintiff has in the North Carolina market. (*Id.* at 20.) Despite the fact that Plaintiff currently has no franchise in North Carolina (as Defendants repeatedly emphasize (*see, e.g.,* ECF No. 47 at 8, 13, 14)), as an initial matter, that state of affairs is a direct result of Defendants' actions, and furthermore does not negate the fact that the evidence showed Defendants' actions

damaged and will continue to damage Plaintiff's position and reputation in that market. Defendants have failed to cite a case standing for the proposition that a company must have a physical presence (or plans to have a physical presence) to have goodwill or a reputation in a particular market. While in the Amended Order the Court may not have recited the precise wording set forth in *U.S. Environmental Protection Agency*, its findings nonetheless reflect that in the absence of a preliminary injunction, Plaintiff's harm is both actual and *ongoing*.

Next, the Amended Order does not unconstitutionally restrain Defendants' speech. Defendants argue that the Court's statement in the Amended Order that "a preliminary injunction is required in this case to prevent similar extraordinarily damaging remarks" by O'Hare implicitly enjoins O'Hare from speaking. (ECF No. 47 at 9 (quoting ECF No. 42 at 20).) This is not the case. As Plaintiff observes in the response, "the Court's reference to a disparaging public comment made by Defendants—to the effect that Core Progression was a 'fake franchise'—merely reflected the Court's concern for the ongoing harm to Core Progression's goodwill due to Defendants' poor behavior." (ECF No. 54 at 8.) Importantly, the Court's Preliminary Injunction did *not* restrain Defendants' speech. (*See* ECF No. 42 at 23–25.) Regardless, to the extent the challenged portion of the Court's language had any consequence, it was purely *dicta*.

Finally, to the extent Defendants continue to argue that the trade secrets and other definitions in the Preliminary Injunction section of the Amended Order fail to give them fair notice of prohibited conduct, the Court notes that it adopted the definitions provided by Plaintiff, which Plaintiff states originated in the Franchise Agreement, signed by Defendants. (ECF No. 54 at 9–10.) As Plaintiff states, the Court cannot be

4

expected to define terms with greater specificity than the parties themselves used in the Franchise Agreement they entered.  (*See* ECF No. 54 at 10.)

The Court has already addressed Defendants' remaining arguments in the Amended Order but will briefly address them again.  Regarding irreparable injury, Defendants again argue that shutting down their business will deprive them of income and will also deprive Altru Fitness's other employees of work.  (ECF No. 47 at 12–13.)  While Defendants maintain that these circumstances constitute irreparable harm, as the Court previously concluded, that injury "may be discounted by the fact that the defendant[s] brought that injury upon [themselves]." (ECF No. 42 at 20 (quoting *Fitness Together Franchise, L.L.C. v. EM Fitness, L.L.C.*, 2020 WL 6119470, at *11 (D. Colo. Oct. 16, 2020).)  Because it is far from clear that the Amended Order unconstitutionally restrains speech, the Court cannot find that irreparable harm is presumed based on the loss of First Amendment freedoms.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.").

For the same reasons explained in the Amended Order, the Court is convinced that a stay of the preliminary injunction will substantially injure Plaintiff.  On this issue, Defendants seem to miss the point.  They ignore the fact that, but for the preliminary injunction, they would continue to operate in the same location as their prior Core Progression franchise.[1]  Moreover, while Defendants claim to have returned Plaintiff's

---

[1] Indeed, despite the Amended Order imposing a preliminary injunction, in Plaintiff's Emergency Motion to Hold Defendants In Contempt and Motion for Sanctions ("Emergency Motion"), filed on May 5, 2021, Plaintiff contends that "Defendants (*unabashedly*) continue operating a fitness center out of the same location as their former CORE PROGRESSION [franchise]."  (ECF No. 57 at 2 (emphasis in original).)

trade secret documents and to have stopped using Plaintiff's registered trademarks (ECF No. 47 at 13),[2] they largely ignore Plaintiff's contention—the basis for this entire case—that Altru Fitness is allegedly built on Plaintiff's years of experience, past work, and prior knowledge, which were obtained by O'Hare as a Core Progression franchisee. To permit Defendants to continue operating Altru Fitness under these circumstances, even pending appeal, would undermine the analytical foundation of the Amended Order.

Finally, Defendants' contention that the public interest is best served by staying the injunction because it operates as a prior restraint that presumptively infringes upon O'Hare's First Amendment rights remains unavailing for reasons previously explained.

For the reasons set forth above, Defendants' Motion to Stay Injunction Pending Appeal (ECF No. 47) is DENIED.

Dated this 5th day of May, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[2] Defendants' purported return of Plaintiff's trade secret documents and discontinued use of Plaintiff's registered trademarks has been called into question in Plaintiff's Emergency Motion. (ECF No. 57.) In the Emergency Motion, Plaintiff contends that Defendants "continue using Core Progression's registered trademarks" and "have decidedly failed to return Core Progression's proprietary data to conceal their continued operation." (*Id.* at 2.)