**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:21-cv-00643-WJM-SBJ

CORE PROGRESSION FRANCHISE, LLC, a Colorado limited liability company,
                Plaintiff,

v.

CHRIS O'HARE, an individual, and
CAO ENTERPRISES, INC., a North Carolina corporation,
                Defendants.

---

## MOTION TO CONFIRM ARBITRATION AWARD

---

Defendants Chris O'Hare ("**O'Hare**") and CAO Enterprises, Inc., ("**CAO,**" collectively with O'Hare referred to herein as the "**O'Hare Parties**") respectfully move this Court for an order confirming and entering judgment upon an arbitration award ("**Motion**"), and in support thereof state as follows:

### Statement of Conferral

Counsel for the O'Hare Parties conferred with counsel for Plaintiff Core Progression Franchise, LLC ("**Core Progression**") and Jonathan Cerf ("**Cerf**") who oppose the relief sought by this Motion.

### Parties

1.      CAO is a North Carolina corporation with its principal place of business located at 2842 Lanasa Lane, Apex, NC 27523.

2.      O'Hare is a resident of the State of North Carolina and is the sole owner and manager of CAO.

3. Core Progression is a Colorado Limited Liability Company with its principal place of business located at 10693 Melody Drive, Northglenn, CO 80234.

4. Cerf is an individual who, upon information and belief, is the sole member and manager of Core Progression and is a resident of Colorado. Cerf is not currently a party to this action, but is a resident of the district within which the award was made and will be served pursuant to section 9 of the Federal Arbitration Act ("FAA") which states: "service shall be made upon the adverse party or his attorney as prescribed by law for service of notice of motion in an action in the same court." 9 U.S.C.S. § 9.

**<u>Jurisdiction and Venue</u>**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. Plaintiff Core Progression is a Colorado LLC with its principal place of business in Colorado. Cerf is a resident of the state of Colorado. Defendant O'Hare is an individual residing in the state of North Carolina. CAO is a North Carolina Corporation doing business in the state of North Carolina.

6. The amount in controversy related to this motion to confirm arbitration award is in excess of $75,000 and thereby meets the jurisdictional requirement. The Arbitration award in favor of O'Hare and CAO consists of $287,755.00 in damages, $74,422.00 in attorney fees, and $110,675.00 in interest for a total of **$472,852**. The award is awarded jointly and severally against Core Progression and Cerf.

7. In addition, this court has personal jurisdiction over Core Progression and Cerf as they availed themselves of this forum by filing Core Progression's complaint against Defendants here. Cerf also recently joined in two motions directed at challenging the arbitration award in this action with the notation that he would "be added as a party to this action." *See*, Notice of Motion

to Vacate and Motion to Set Motion Schedule (Docket #130); Motion for Leave to Exceed Page Limits (Docket #131).  This Court also has personal jurisdiction over Core Progression and Cerf because Core Progression is a Colorado LLC doing business in Colorado and because Cerf is a resident and citizen of the state of Colorado.

8.      Venue is proper in this Court because Core Progression brought its complaint in this venue and because the Franchise Agreement states: "BOTH PARTIES AGREE THAT THE EXCLUSIVE VENUE FOR DISPUTES BETWEEN THEM SHALL BE IN COLORADO AND EACH WAIVES ANY OBJECTION EITHER MAY HAVE TO THE PEROSNAL JURISDICTION OF OR VENUE IN COLORADO." Franchise Agreement, section 21.1.

## Background

9.      In September 2019, the O'Hare Parties entered into a Franchise Agreement with Core Progression (the "Franchise Agreement"). The Franchise Agreement contains an arbitration provision that requires that all disputes that are not exempt shall be submitted to final and binding arbitration as the sole and exclusive remedy for such controversy or dispute. Franchise Agreement, sections 20.1 and 20.6.  A true and correct copy of the Franchise Agreement is attached hereto as **Exhibit 1**.

10.      On or about December 22, 2020, the O'Hare Parties filed a Demand for Arbitration through JAMS against Core Progression and Cerf, concerning the parties' franchise relationship and Core Progression and Cerf's fraud in connection therewith.

11.      On or about December 21, 2021, the parties to the arbitration stipulated to consolidate what would originally have been five separate arbitrations into a single arbitration to be heard and decided by a panel of three arbitrators. Ultimately, the arbitration proceeded with the

3

O'Hare Parties, Mytchell Mead, Jan Mead, Altru Fitness LLC, and Altru Fitness Cos LLC (the "**Mead Parties**"), and Tim McNutt and Cedar Drive Investments, LLC (the "**McNutt Parties**") as claimants and Core Progression and Cerf as respondents. The Mead Parties and the McNutt Parties are not parties to this lawsuit or this Motion. A true and correct copy of the Stipulation to consolidate is attached hereto as **Exhibit 2**.

12.     The arbitration was tried to a panel of three arbitrators – Judge John W. Madden, IV (Ret.), Judge Robert McGahey (Ret.), and Steven C. Choquette, Esq. (the "**Panel**").

13.     The final hearing took place over 10 consecutive business days from January 23-February 3, 2023.

14.     Following conclusion of the final hearing, the Panel issued its "Interim Award" on or about September 15, 2023. In the "Interim Award," the Panel found and concluded that Core Progression and Cerf had made fraudulent misrepresentations to the O'Hare Parties and concealed material facts. The Panel held that the O'Hare parties prevailed in part on their fraudulent misrepresentation and concealment claims and found and conclude that the O'Hare Parties suffered damages arising as a consequence of Respondent's acts and omissions in the amount of $287,755.00.  A true and correct copy of the "Interim Award" is attached hereto as **Exhibit 3**.

15.     The Panel concluded that the damages award would be against both Core Progression and Cerf.

16.     Following additional briefing on the issue of attorney fees, costs, and pre-award interest, the Panel issued its "Final Award" on or about December 19, 2023. In its "Final Award," the Panel awarded the O'Hare Parties their pre-award interest, interest from Interim Award to Final Award, and reasonable attorney fees in the amount of $185,097.00.  A true and correct copy of the

"Final Award" is attached hereto as **Exhibit 4**. (Collectively the "Interim Award" and the "Final Award" are referred to herein as the "**Award**.")

17.     The total amount of the award, including interest and attorney fees, in favor of the O'Hare Parties and against Core Progression and Cerf is **$472,852.00**.

### Request for Confirmation of Award

18.     The O'Hare Parties hereby move the Court to confirm the Award pursuant to the Federal Arbitration Act. The O'Hare Parties further move this Court to enter judgment in their favor of so that they may enforce the Award as a judgment or decree of this court.

19.     A party to an arbitration agreement may, at any time within one year after the award is made, apply to the specified court for an order confirming the award. 9 U.S.C. § 9. Upon such a request, the court must grant such an order unless the award is vacated. *Id*.

20.     The Franchise Agreement between these parties states: "The award of decision by the arbitrator shall be final and binding on the parties and may be enforced by the judgment or order of a court having subject-matter jurisdiction in the state where the arbitration took place." Exhibit 3, section 20.7. The parties are diverse and the amount in controversy is in excess of the jurisdictional limits. Therefore, this Court has subject-matter jurisdiction of this Motion and is authorized to confirm the Award.

21.     Under 9 U.S.C. § 13, "[t]he judgment so entered" upon an order confirming an award "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered."

22. As of the date of this Motion, the Panel has resolved all motions to modify the Award that were filed with it. The Award was not modified, corrected, clarified, or vacated by the Panel.

23. There is a pending notice of intent to file a Motion to Vacate the Award in this Court filed by Plaintiff. Docket 130. The brief for the Motion to Vacate Final Award is currently due May 6, 2024. Docket 136.

24. This Motion is timely because it was filed within one year from the date of the issuance of the "Interim Award" which was filed September 15, 2023. *See*, 9 U.S.C. § 9.

<u>**Request for Post-Judgment Interest**</u>

25. The O'Hare Parties also request that the Court order Colorado statutory post-judgment interest on the Award.

26. The parties agreed to apply Colorado law to this dispute. Exhibit 1, § 21.1.

27. C.R.S. § 5-12-102(4) provides for post-judgment interest at a rate of eight percent per annum compounded annually where the rate is not otherwise specified in a contract or written instrument.

28. Colorado courts have applied C.R.S. § 5-12-102(4) to award post-judgment interest on money judgments in arbitration, including awards of attorney fees, considering that judgments confirming arbitration awards are enforceable in the same manner as any other money judgments. *See*, *Barrett v. Inv. Mgmt Consultants*, 190 P.3d 800, 804-05 (Colo. App. Ct. 2008) (affirming award of post-judgment interest on arbitration award that included award of attorney fees).

29.    The Panel awarded O'Hare interest at 8% from the date he suffered certain damages until the date of the "Interim Award," and awarded pre-award interest of 8% from the date of the "Interim Award" through December 19, 2023, the date of the "Final Award." Exhibit 4, p 9-11.

30.    Accordingly, pursuant to *Barrett* and C.R.S. § 5-12-102(4) and the Award, the O'Hare Parties are entitled to post-judgment interest at a rate of 8% per annum, compounded annually, from the date of the "Final Award" (December 19, 2023) on the Award of $472,852. There is no written instrument or contract to set a different post-judgment interest rate on these amounts.

### Request for Relief

WHEREFORE, the O'Hare Parties pray for an order: (1) confirming the Award, (2) entering judgment as stated in the Award in the amount of **$472,852.00** in favor of the O'Hare Parties and against Core Progression and Cerf, (3) granting statutory post-award interest pursuant to C.R.S. § 5-12-102(4) on the award at a rate of 8 percent per annum from December 19, 2023 to the date of the judgment (4) granting statutory post-judgment interest 8 percent per annum, compounded annually, from and after the date of the judgment, and (5) any other relief that the Court deems just and proper.

Dated: March 29, 2024

CHIPMAN GLASSER, LLC


/s/ *James A. McDaniel*
Daniel W. Glasser, #37716
James A. McDaniel, #58853
2000 S. Colorado Blvd.
Tower One, Suite 7500
Denver, Colorado 80222

T: (303) 578-5780
F: (303) 578-5790
E: dglasser@chipmanglasser.com
E: jmcdaniel@chipmanglasser.com
*Attorneys for Defendants Chris O'Hare and
CAO Enterprises, Inc*.

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of March, 2024, I served via CM/ECF a true and correct copy of the forgoing **MOTION TO CONFIRM ARBITRATION AWARD** to the following parties:

James Michael Mulcahy
Filemon Carrillo
Mulcahy, LLP
4 Park Plaza, Suite 960
Irvine, CA 92614
T: 949-252-9377
F: 949-252-0090
E: jmulcahy@mulcahyllp.com
E: fcarrillo@mortensontaffart.com
*Attorneys for Core Progression Franchise, LLC and John Cerf*

Leonard MacPhee
Nicholas D. Banelli
Polsinelli, PC
1401 Lawrence Street, Suite 2300
Denver, CO 80202
T: 303-572-9300
E: lmacphee@polsinelli.com
E: nbanelli@polsinelli.com
*Attorneys for Core Progression Franchise, LLC and John Cerf*

/s/ *Mark Walker*
Mark Walker, Paralegal

9