**JAMS**
**Case ID#'s: 27675, 27676, 27677 (27600), 27678 and 27679**

LAS VEGAS CP1 LLC, a Nevada limited liability company., et. al.,

Claimants

v.

JONATHAN CERF, an individual, and
CORE PROGRESSION FRANCHISE LLC, a Colorado limited liability company,

Respondents,

---

**STIPULATION RE: CONSOLIDATION OF ARBITRATION PROCEEDINGS**

---

Respondents Core Progression Franchise LLC ("Core Progression") and Jonathan Cerf (collectively, "Respondents"), on the one hand, and Claimants Las Vegas CP1 LLC and Douglas Filipov (collectively the "Las Vegas Franchisee"), Cedar Drive Investments, LLC and Tim McNutt (collectively the "Lakewood Franchisee"), Mytchell Mead, Jan Mead, Altru Fitness LLC, and Altru Fitness COS LLC, formerly known as Colorado Springs Core Progression, LLC (collectively the "Colorado Springs Franchisee"), CP Fit Lifestyle LLC, Kris Pacey and Christina Pacey (collectively the "Broadway Franchisee"), and Chris O'Hare and CAO Enterprises, Inc. (collectively the "Apex Franchisee") and all former franchisees and related parties collectively, the "Franchisee Parties"), on the other hand, hereby stipulate as follows:

WHEREAS, on or about December 8, 2020, Core Progression filed a demand for arbitration against the Las Vegas Franchisee, and on or about December 21, 2020, the Las Vegas Franchisee filed a demand for arbitration against the Respondents, which matters are respectively titled *Core Progression Franchise, LLC v. Las Vegas CP1 LLC et al.* and *Las Vegas CP1 LLC et al. v. Core Progression Franchise, LLC et al.*, Case Nos. 27600 & 27677;

1

**EXHIBIT 2**

WHEREAS, on or about December 21, 2020, the Apex Franchisee filed a demand for arbitration against the Respondents in the matter entitled *CAO Enterprises, Inc. et al. v. Core Progression Franchise, LLC et al.*, Case No. 27675;

WHEREAS, on or about December 21, 2020, the Colorado Springs Franchisee filed a demand for arbitration against the Respondents in the matter entitled *Colorado Springs Core Progression LLC et al. v. Core Progression Franchise, LLC et al.*, Case No. 27679;

WHEREAS, on or about December 21, 2020, the Lakewood Franchisee filed a demand for arbitration against the Respondents in the matter entitled *Cedar Drive Investments, LLC et al. v. Core Progression Franchise, LLC et al.*, Case No. 27678;

WHEREAS, on or about December 21, 2020, the Broadway Franchisee filed a demand for arbitration against the Respondents in the matter entitled *CP Fit Lifestyle LLC et al. v. Core Progression Franchise, LLC et al.*, Case No. 27676;

WHEREAS, on or about March 3, 2021, Core Progression filed a Complaint against the Apex Franchisee in the action entitled *Core Progression Franchise, LLC v. O'Hare et al.*, No. 1:21-cv-00643-WJM-NYW (the "O'Hare Litigation");

WHEREAS, the Apex Franchisee filed Counterclaims against Core Progression on or about May 11, 2021, ECF No. 66;

WHEREAS, Core Progression and the Apex Franchisee have filed competing motions in the District Court of Colorado in the O'Hare Litigation that will address what, if any, claims between the parties to the O'Hare Litigation will proceed in arbitration proceedings and/or in the District Court of Colorado (see Docket Nos. 93, 99, and 101, collectively referred to as the "O'Hare Motions");

WHEREAS, the parties submitted briefing to interim arbitrator C. Scott Crabtree to decide

**EXHIBIT 2**

the Franchisee Parties' Motion for the Same Arbitrator to Preside over Five Separate Arbitrations (the "Single Arbitrator Motion");

WHEREAS, on or about September 1, 2021, interim arbitrator Crabtree issued his decision and order denying the Single Arbitrator Motion; and

WHEREAS, the parties now wish to proceed in a consolidated arbitration proceeding, under the terms set forth below;

ACCORDINGLY, THE PARTIES HEREBY STIPULATE as follows:

1.      **CONSOLIDATION OF CERTAIN ARBITRATION PROCEEDINGS**. Respondents, the Las Vegas Franchisee, the Lakewood Franchisee, the Colorado Springs Franchisee, and the Broadway Franchisee agree to submit all claims between them to a consolidated arbitration proceeding, under Case No. 27679 (the "Consolidated Proceeding"). To the extent that any aspect of Case No. 27600 remains active, Core Progression agrees that Case No. 27600 shall be consolidated with the Consolidated Proceeding as well.

2.      **CONSOLIDATION OF APEX PROCEEDING**. The parties agree that (i) any claims that currently are part of Case No. 27675 and which are not otherwise ordered by the Court to proceed in litigation, as well as (ii) any claims that the Court orders to proceed in arbitration as a result of its pending ruling(s) on the O'Hare Motions, will be consolidated with the Consolidated Proceeding. If the Court decides that any part of the arbitration proceeding between Core Progression and the Apex Franchisee must be stayed, that stay shall not affect the case schedule established for the Consolidated Proceeding. Nothing in this stipulation constitutes a waiver by any party regarding the issues raised in the O'Hare Motions.

3.      **THREE-ARBITRATOR PANEL**. The parties agree that the Consolidated Proceeding shall promptly proceed before a three-arbitrator panel consisting of Norman Haglund, John W. Madden, IV and Robert L. McGahey.

4.      **PAYMENT OF JAMS FEES AND COSTS**. Each party agrees to pay all fees and costs for the Consolidated Proceeding that are due to JAMS for which he/she/it is responsible, and

3

**EXHIBIT 2**

shall do so within 28 calendar days of receiving JAMS' invoice.  To the extent that there are any outstanding fees or costs in any of the six (6) separate arbitration proceedings referenced above that currently are due to JAMS that will not otherwise be incorporated into the Consolidated Proceeding, the responsible party or parties agree to pay all such fees and costs to JAMS within 28 calendar days of the filing date referenced below.

5.    *NON-STIPULATION* **AS TO ALLOCATION OF JAMS' FEES AND COSTS**. The parties have not currently reached agreement as to the allocation of JAMS' fees and costs in the Consolidated Proceeding. Each of the subject Franchise Agreements from which JAMS' jurisdiction over these matters derives provides that "[e]ach party shall bear its own costs of arbitration; however, the fees of the arbitrator shall be divided equally between the parties."  The parties wish to have JAMS decide how to allocate its fees and costs. In the interim, the parties will agree that each side (Respondents, on one hand, and the Franchisee Parties, on the other hand) will pay 50% of JAMS' fees for the decision on allocation. If JAMS decides that JAMS' fees and costs should be allocated in equal one-fifth (or, if applicable, one-sixth) shares, then the Franchisee Parties agree to reimburse Respondents within 14 days of the panel's decision.

DATED:  December 22, 2021

**MILLER & LAW, PC**                          **MULCAHY LLP**

By: */s/ David J. Meretta*_____          By:    /s/ Filemon Carrillo_____
   David J. Meretta                                  James M. Mulcahy
                                                     Filemon Carrillo

David J. Meretta, #44409
1900 W. Littleton Blvd.                      James M. Mulcahy (SBN 213547)
Littleton, CO 80120                          *jmulcahy@mulcahyllp.com*
(303) 722-6500 office / (617) 869-0850 cell  Filemon Carrillo (SBN 314220)
(303) 722-9270 fax                           *fcarrillo@mulcahyllp.com*
djm@millerandlaw.com /                       4 Park Plaza, Suite 1950
dmeretta@gmail.com                           Irvine, California 92614
                                             Telephone: (949) 252-9377
                                             Facsimile: (949) 252-0090

*Attorneys for the Franchisee Parties*       *Attorneys for Core Progression Franchise
                                             LLC and Jonathan Cerf*

**EXHIBIT 2**

<u>**PROOF OF SERVICE**</u>

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address 4 Park Plaza, Suite 1950, Irvine, CA  92614.

On December 22, 2021, I served document(s) described as **STIPULATION RE:CONSOLIDATION OF ARBITRATION PROCEEDINGS** on the following person at the addresses and/or facsimile number below:

Miller & Law, P.C.
David J. Meretta
1900 W. Littleton Blvd.
Littleton, CO  80120
djm@millerandlaw.com

[ ]    VIA FACSIMILE – Based on an agreement by the parties to accept service by fax transmission, I faxed the documents from a fax machine in Irvine, California, with the number 949-252-0090, to the parties and/or attorney for the parties at the facsimile transmission number(s) shown herein.  The facsimile transmission was reported as complete without error by a transmission report, issued by the facsimile transmission upon which the transmission was made, a copy of which is attached hereto.

[ X]    BY ELECTRONIC SERVICE – Based on a court order or agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed herein on the above referenced date.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[ ]    BY MAIL - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid, at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    BY CERTIFIED MAIL - I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day, with postage thereon fully prepaid, at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]    BY FEDERAL EXPRESS – I am readily familiar with the firm's practice of collection and processing correspondence for Federal Express.  Under that practice it would be deposited

PROOF OF SERVICE

**EXHIBIT 2**

with Federal Express on that same day in the ordinary course of business for overnight delivery with delivery costs thereon fully prepaid by sender, at Irvine, California.

[ ]     BY MESSENGER SERVICE – I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed herein and providing them to a professional messenger service for service.  A declaration by the messenger service will be filed separately.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

Executed on **December 22, 2021** at Irvine, California.

By: _____
    Barbara Calvert

PROOF OF SERVICE

**EXHIBIT 2**